UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MITCHELL WINE**
*101 Newnata Cutoff*
*Mountain View, Arkansas 72560*

Case: 1:23−cv−00158 JURY DEMAND
Assigned To : Boasberg, James E.
Assign. Date : 1/12/2023
Description: Pro Se Gen. Civ. (F−DECK)

**PLAINTIFF**

VS.                    CIVIL ACTION NO.: _____

**U.S. DEPARTMENT OF THE INTERIOR** *and*
    *Supervisor Chris Davidson in His Personal and Professional Capacities*
*1849 C. Street, N.W.*
*Washington, D.C. 20240*

**U.S. DEPARTMENT OF HOMELAND SECURITY** *and*
    *Officer Adrian Henry in His Personal and Professional Capacities*
*Office of the Executive Secretary, MS 0525*
*2707 Martin Luther King Jr Ave SE*
*Washington, D.C. 20528-0525*

**STATE OF ARKANSAS** *and*
    *Officer John Crisman in His Personal and Professional Capacities*
*State Capitol, Room 250*
*Little Rock, Arkansas 72201*                    **DEFENDANTS**

**PLAINTIFF'S COMPLAINT OF FOURTH AMENDMENT VIOLATIONS AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW AND FALSE CLAIM ACT RECOVERY REQUEST**

1. The facts of this complaint are easily conveyed and not in dispute as Defendants are unlawfully withholding the highly redacted attached document (Attachment A) from Plaintiff.

2. Plaintiff is a former Department of the Interior U.S. Fish and Wildlife Service employee from early 2003 to April 2018, now medically retired.

3. The document (Attachment A) describes a forced entry into Plaintiff's private property on December 14, 2017, through a shut and locked privacy gate containing a 'no trespassing' sign by federal and state law enforcement officers.

4. The discussion within the redacted document describes an email conversation between U.S. Fish and Wildlife Service supervisor Chris Davidson, and other unidentified persons, along with

**RECEIVED**
JAN 12 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

both federal and state law enforcement personnel (Adrian Henry of Federal Protective Services and Jon Crisman of Arkansas Game and Fish Commission) regarding the unlawful trespass.

5. Officers Henry and Crisman entered Plaintiff's private property on the aforementioned date without a warrant.

6. Officers Henry and Crisman entered Plaintiff's private property on the aforementioned date without probable cause of any crime.

7. Officers Henry and Crisman entered Plaintiff's private property on the aforementioned date without written invitation or any invitation.

8. A separate state officer stated in a phone call after the break-in that if Plaintiff did not relinquish computer equipment legally in Plaintiff's possession the government would, "…make up a reason for a warrant and come kick down your door in the middle of the night".

9. Plaintiff is an adjudicated federal whistleblower regarding the C&H Hog Farm in the Buffalo National River Watershed of Arkansas.

10. Plaintiff made disclosures to the Office of Special Counsel beginning in February 2016 regarding the unlawfully permitted hog farm, *inter alia*.

11. The C&H Hog Farm was owned by JBS, a Brazilian multinational meat conglomerate.

12. Upon information and belief, former governor of Arkansas Asa Hutchinson accepted a bribe from JBS to facilitate unlawful environmental permitting of the hog farm.

13. Upon information and belief, Asa Hutchinson was investigated by the Department of Justice regarding the C&H Hog Farm.

14. Former Governor Hutchinson used tax dollars and private funds to provide a $6.2 million buyout to multinational meat conglomerate JBS related to C&H Hog Farm.

15. Evidence of the aforementioned bribe and hog farm communications is contained within documents being unlawfully stored, without being archived, at the Arkansas Department of

Heritage according to Arkansas State Archivist Ms. Stephanie Carter.

16. Plaintiff has sought unlawfully withheld documents described herein through transparency laws to no avail.

17. State Defendants claim they will never release the documents absent a court order.

18. Federal Defendants claim they will never release the documents absent a court order.

19. Defendants have not denied upon questioning the hog farm was selling pork to China through deals brokered by formerly convicted spy for China, Tai Shen Kuo (now resides in Arkansas).

20. JBS corporation has recently paid fines in excess of $280 million dollars related to fraud such as that raised by Plaintiff to Defendants.

21. Plaintiff is entitled to a percentage of the aforementioned fines in accordance with the False Claims Act because evidence of the disclosures he made to Defendant pre-date any other disclosures used to initiate the investigation into the fraud committed by JBS in the United States.

22. Plaintiff was unlawfully forced into medical retirement from his federal biologist position by the Department of the Interior because he opposed the permitting of the hog farm due to environmental and human safety concerns.

23. State law enforcement began a series of malicious criminal prosecutions against Plaintiff in September 2020, to prevent Plaintiff from making further disclosures regarding information contained herein, *inter alia*.

24. In state criminal case 60CR-20-2402 (*State v. Wine*), the judge sentenced Plaintiff to jail for merely representing himself before the court, a violation of Plaintiff's Sixth Amendment Right to self-representation.

25. The criminal information filed in 60CR-20-2402 is falsified as it states Plaintiff was located in Pulaski County between August 1-19, 2020, and the information articulates no actual specific

address of a crime, nor any verbiage stated by Plaintiff to any alleged victim in the matter.

26. In state criminal case 63CR-21-700, the judge issued an unlawful Sheriff's bond for $150,000 for a non-violent misdemeanor crime for which no lawful arraignment has occurred for more than two years.

27. State Defendants admit federal Defendant Chris Davidson is currently out of compliance with lawfully issued subpoenas in both state criminal cases against Plaintiff.

## Violations of Law

28. Officers Henry and Crisman entered Plaintiff's private property on December 14, 2017, in violation of Plaintiff's Fourth Amendment rights against unlawful search and seizure.

29. Officers Henry and Crisman entered Plaintiff's private property on December 14, 2017, in violation of Arkansas Code § 5-39-203 describing criminal trespass.

30. Officers Henry and Crisman entered Plaintiff's private property on December 14, 2017, in conspiracy with Chris Davidson to violate Plaintiff's Fourth Amendment rights in violation of 18 U.S.C. 241 and 18 U.S.C 242.

31. Officers Henry and Crisman entered Plaintiff's private property on December 14, 2017, in conspiracy with Chris Davidson to violate Plaintiff's Fourth Amendment rights and in violation of Arkansas Code § 5-39-203 (criminal trespass).

32. The Department of the Interior and Department of Homeland Security conspired with the State of Arkansas to violate Plaintiff's Fourth Amendment rights through unlawful search and seizure on December 14, 2017.

33. Department of the Interior and Department of Homeland Security conspired with the State of Arkansas to violate 18 U.S.C. 241 and 18 U.S.C. 242 to deprive Plaintiff of his rights on December 14, 2017, as described herein.

34. All Defendants named in their personal capacities are guilty of Fourth Amendment violations against Plaintiff in violation of 42 U.S.C. 1983 for their respective roles in the events of December 14, 2017, and the conspiracy to cover up the crime(s) thereafter.

35. All Defendants named in their personal capacities are guilty of malicious prosecution against Plaintiff under 42 U.S.C. 1983 for their respective roles in preventing Plaintiff's legal cases from moving forward in both state and federal courts as described herein.

36. Defendant Chris Davidson acted in his professional capacity in maliciously and unlawfully dispatching law enforcement to Plaintiff's property without just cause on December 14, 2017, in violation of the Fourth Amendment.

37. Defendant Chris Davidson acted in his personal capacity thereafter in covering up his role in maliciously dispatching law enforcement to Plaintiff's property on December 14, 2017, in violation of the Fourth Amendment.

38. Defendant John Crisman acted in his professional capacity in conspiring with Defendants Davidson and Henry to violate Plaintiff's Fourth Amendment rights on December 14, 2017.

39. Defendant John Crisman acted in his personal capacity when unlawfully disassembling Plaintiff's privacy gate on December 14, 2017, in violation of the Fourth Amendment and Arkansas trespassing laws.

40. Defendant John Crisman acted in his personal capacity thereafter in covering up his role in Fourth Amendment violations against Plaintiff described herein.

41. Defendant Adrian Henry acted in his professional capacity in conspiring with Davidson and Crisman to violate Plaintiff's Fourth Amendment rights on December 14, 2017.

42. Defendant Adrian Henry acted in his personal capacity while entering Plaintiff's property in violation of the Fourth Amendment and Arkansas trespassing laws on December 14, 2017.

43. Defendant Adrian Henry acted in his personal capacity thereafter in covering up his role in Fourth Amendment and trespassing violations against Plaintiff described herein.

44. All Defendants conspired to violate Plaintiff's Fourth Amendment rights in violation of 18 U.S.C. 241 and 242, as well as 42 U.S.C. 1983.

45. All Defendants are conspiring to defeat Plaintiff's claims under the False Claims Act as described herein by withholding information supporting the claim, specifically Attachment A of this complaint and materials held at the Arkansas Department of Heritage related to the C&H Hog Farm.

46. Plaintiff reserves the right to amend this complaint and/or add additional parties as new information becomes available during court proceedings.

## Jurisdiction and Venue

This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 42 U.S.C. 1983, 18 U.S.C. 241, 18 U.S.C. 242, 31 U.S. Code § 3729, and the Fourth Amendment of the Constitution. This court also has jurisdiction over this action pursuant to Arkansas Code § 5-39-203 for criminal trespass which allows a private right of civil court action by Plaintiff. Plaintiff attempted to litigate Fourth Amendment and other civil rights issues involved in this case in 21-cv-3349 before this court, but the judge in that matter errantly dismissed the case on jurisdictional grounds prior to adjudicating the merits of the case. This complaint is timely as harm from withholding of materials sought herein is ongoing and serves to hinder Plaintiff's False Claim Act case initiated by this filing.

## Relief Sought

A. Plaintiff seeks compensatory, consequential, and punitive damages related to Fourth Amendment violations, *inter alia*, by all Defendants to be determined in an addendum proceeding.

B. Plaintiff seeks damages in personal and professional capacities of individuals named herein.

C. Plaintiff seeks his portion of the monies collected as a result of the investigation of Brazilian meatpacker JBS to date and his portion of any future monies collected.

D. Plaintiff demands a jury trial in this matter.

E. Plaintiff requests all relief available from this tribunal whether prayed for herein or not.

Respectfully submitted,

*Mitchell Wine*

Mitchell Wine
101 Newnata Cutoff
Mountain View, Arkansas 72560
501-350-7663
mitchwine@hotmail.com

## CERTIFICATE OF SERVICE

This filing was transmitted to the court via email on January 12, 2023, with requests for summonses for each Defendant. A copy of the complaint with summonses will be delivered to each Defendant and their respective agencies in accordance with service of process rules of this court and proper evidence of service will be provided to the clerk thereafter.

Attachment A

| | |
|---|---|
| From: | (b) (6), (b) |
| To: | (b) (6), (b) (7)(C), (k)(2) |
| Cc: | (b) (6), (b) (7)(C), (k)(2) |
| Subject: | Re: Assistance with Mitchell Wine"s Removal Process/Retrieval of Gov"t Property |
| Date: | Tuesday, December 12, 2017 8:33:53 AM |
| Attachments: | image001.png |

(b) (6), (b) (7)(C), (b) (5)



Thanks.

On Tue, Dec 12, 2017 at 6:46 AM, (b) (6), (b) (7)(C), (k)(2)  > wrote:

> (b) Thursday we are both unavailable to assist.
>
> (b) / (b) (6), (b) (7)(C), is Friday an option?
>
> Sir, if we cannot get there it is (b) (7)(E) I hope we can resolve this issue without incident.
>
> Inspector (b) (6), (b) (7)(C), (k)(2)
>
> U.S. Department of Homeland Security
>
> NPPD/Federal Protective Service
>
> Region 7 Area 3 Arkansas
>
> Cell: (b) (6), (b) (7)(C), (k)(2)
>
> Email: (b) (6), (b) (7)(C), (k)(2)



"Semper Fidelis"

**From:** (b) (6), (b) (7)(C) @fws.gov]
**Sent:** Monday, December 11, 2017 4:44 PM
**To:** (b) (6), (b) (7)(C), (k)(2)
**Cc:**
**Subject:** Assistance with Mitchell Wine's Removal Process/Retrieval of Gov't Property

(b) (6), (b) (7)(C), (k)(2), (b)(5)

Thanks for your assistance.

--

(b) (6), (b) (7)(C)

(b) (6), (b) (7)(C)

U.S. Fish and Wildlife Service

Arkansas Ecological Services Field Office / 110 South Amity Road, Suite 300 / Conway, AR 72032

(b) (6), (office) / (b) (6), (cell)

http://www.fws.gov/arkansas-es

*NOTE: This email correspondence and any attachments to and from this sender is subject to the Freedom of Information Act (FOIA) and may be disclosed to third parties.*

--

(b) (6), (b) (7)(C)
(b) (6), (b) (7)(C)

U.S. Fish and Wildlife Service
Arkansas Ecological Services Field Office / 110 South Amity Road, Suite 300 / Conway, AR 72032
(b) (6), (office) / (b) (6), (cell)
http://www.fws.gov/arkansas-es

*NOTE: This email correspondence and any attachments to and from this sender is subject to the Freedom of Information Act (FOIA) and may be disclosed to third parties.*