UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MITCHELL WINE**
*101 Newnata Cutoff*
*Mountain View, Arkansas 72560*        **PLAINTIFF**

       VS.        **CIVIL ACTION NO.: 23-cv-00158-JEB (sealed)**

**U.S. DEPARTMENT OF THE INTERIOR** *and*
    *Supervisor Chris Davidson in His Personal and Professional Capacities*
*1849 C. Street, N.W.*
*Washington, D.C.  20240*

**U.S. DEPARTMENT OF HOMELAND SECURITY** *and*
    *Officer Adrian Henry in His Personal and Professional Capacities*
*Office of the Executive Secretary, MS 0525*
*2707 Martin Luther King Jr Ave SE*
*Washington, D.C. 20528-0525*

**STATE OF ARKANSAS** *and*
    *Officer John Crisman in His Personal and Professional Capacities*
*State Capitol, Room 250*
*Little Rock, Arkansas 72201*        **DEFENDANTS**

### PLAINTIFF'S RESPONSE TO DEFENDANTS U.S. DEPARTMENT OF THE INTERIOR AND U.S. DEPARTMENT OF HOMELAND SECURITY REQUEST FOR EXTENSION OF TIME

Plaintiff responds to Defendants motion for an extension of time to answer the instant complaint and does aver:

1. Plaintiff is currently being criminally prosecuted by the state of Arkansas in conspiracy with the federal government to keep the contents of Attachment A of the original complaint in this matter from public view.

2. The contents of the document represent a criminal act by the government and at least two individuals acting outside the scope of their duties and the government has no response to the charges, so they are requesting an extension of time for purposes of delay in this matter.

3. The government has requested the extension on behalf of two federal employees who have not been served in this matter (as the matter of service to those parties remains pending on appeal in U.S.C.A. Washington, D.C. case 23-5031) and those two individuals have not sought representation from the federal government at this time.

4. Once served process in the instant appeal, the two individual employees will have 60 days to seek representation and respond to the complaint and this is ample time for such endeavors as this matter has been ongoing in the courts for many years.

5. In fact, in Arkansas state court cases 63CR-21-700 (now sealed) and 60CR-20-4204 (ongoing) the Department of Justice has already represented Defendant Chris Davidson before the courts via the U.S. Attorney's Eastern District of Arkansas Office (Assistant U.S. Attorney Shannon Smith provided the representation).

6. In both state criminal proceedings, the Department of Justice acted on behalf of Davidson to quash subpoenas for his testimony and for the information contained under unlawful redactions in Attachment A of the original complaint in this matter which describes a felonious violent armed home invasion by state and federal law enforcement at Plaintiff's private residence meant to end in Plaintiff's homicide (or in reckless disregard of such an outcome).

7. In both state criminal proceedings, the U.S. Attorney's office stated they were withholding the unlawfully redacted documents at bar in the instant proceeding, "…in the interests of the United States", indicating the documents may have been classified to cover up the criminal acts described therein; therefore, only an answer to the complaint by the government can provide further insight as to the true nature of the conspiracy to conceal the documents from public view.

8. Opposing counsel did not include the aforementioned information in his pleading to this court to extend time in this matter, and such information indicates the conspiracy between the state and federal government at bar in this matter is indeed criminal in nature and they will go to great lengths to delay proceedings and obscure their criminal acts (including misleading this court with incomplete information).

9. Clearly the Department of Justice has already made the decision that defending Department of the Interior employee and Defendant Chris Davidson along with evidence of his criminal act(s) is, "…in the interests of the United States", and they are seeking a delay in this matter to obscure their own misconduct and criminality.

10. To be clear, the Department of Justice participated in the malicious criminal prosecution of Plaintiff to conceal criminal acts described in Attachment A of the instant proceeding and they are now moving this court to delay this case in furtherance of criminal conspiracy to deprive Plaintiff of his civil rights.

11. The information contained in Attachment A of the original complaint in this matter is immediately necessary to combat the corruption of the criminal process at the state level that was introduced when the Department of Justice intervened on behalf of Defendant Chris Davidson to obscure his criminal misconduct and the criminal misconduct of others, to include Defendant Adrian Henry of the Department of Homeland Security.

12. The aforementioned being true and correct, Plaintiff is clearly prejudiced by any delay in this matter and Defendants have shown no good cause to extend the deadline for their answer to Plaintiff's complaint; therefore, Defendant's motion for an extension of time should be denied and their answer should be provided on or about March 24, 2024.

*Signature next page*

      Respectfully submitted,

      *Mitchell Wine*

      Mitchell Wine
      101 Newnata Cutoff
      Mountain View, Arkansas 72560
      501-350-7663
      mitchwine@hotmail.com

**CERTIFICATE OF SERVICE**

This filing was uploaded to the court's electronic filing system on March 20, 2024, and thus served to all parties of record.