UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MITCHELL WINE**
*101 Newnata Cutoff*
*Mountain View, Arkansas 72560*                                                          **PLAINTIFF**

      VS.            **CIVIL ACTION NO.: 23-cv-00158-JEB**

**U.S. DEPARTMENT OF THE INTERIOR** *and*
    *Supervisor Chris Davidson in His Personal and Professional Capacities*
*1849 C. Street, N.W.*
*Washington, D.C. 20240*

**U.S. DEPARTMENT OF HOMELAND SECURITY** *and*
    *Officer Adrian Henry in His Personal and Professional Capacities*
*Office of the Executive Secretary, MS 0525*
*2707 Martin Luther King Jr Ave SE*
*Washington, D.C. 20528-0525*

**STATE OF ARKANSAS** *and*
    *Officer John Crisman in His Personal and Professional Capacities*
*State Capitol, Room 250*
*Little Rock, Arkansas 72201*                                                          **DEFENDANTS**

### PLAINTIFF'S RESPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS

Plaintiff responds to Federal Defendants' May 24, 2024, Motion to Dismiss and Brief in Support and does aver:

1. Federal Defendants' motion to dismiss is not supported by fact or law relative to Plaintiff's non-frivolous complaint and fails for a multitude of reasons.

2. Federal Defendants Davidson and Henry claim this court lacks personal jurisdiction over them because they reside in Arkansas and their unlawful actions occurred in Arkansas. This argument fails because Henry was directed to Appellant's private residence and committed trespassing, felony breaking and entering, and felony deprivation of rights on December 14, 2017, at the behest of Davidson and other Department of the Interior employees located in Washington, D.C. (specifically Ray

    Limon of the Department of the Interior acting on his own and through his subordinates).

3. Plaintiff avers the federal employees in Washington, D.C. provided substantial guidance in relation to the armed home invasion at Plaintiff's private residence on December 14, 2017, and in have acted in conspiracy thereafter to conceal evidence of that crime to present date in order to maliciously prosecute Plaintiff for his continued disclosures of their unlawful acts.

4. Defendants have acted in conspiracy to present date to conceal evidence of their crimes as described herein and in the original complaint, thus no statutory time frame has expired. By concealing evidence of their original crimes, Defendants have prevented Plaintiff from fully pleading necessary facts to move his cases forward and to defend himself before state courts in ongoing malicious legal proceedings.

5. Washington D.C.'s long-arm statute contains the following provision, "Notwithstanding the provisions of subparagraphs (A) through (D), the court may exercise personal jurisdiction if there is any basis consistent with the United States Constitution for the exercise of personal jurisdiction".

6. Thus, Washington D.C.'s long-arm statute applies as Davidson and Henry had sufficient contacts with this court's jurisdiction and committed civil rights violations, *inter alia*, they cannot meaningfully deny were planned and ordered by federal government personnel residing in Washington, D.C.; therefore, tortious injury that caused damages to Plaintiff was planned and enacted by personnel within Washington, D.C.

7. Plaintiff notes that in Defendants' response they claim their actions "…have virtually no ties…" with Washington, D.C., yet they fail to identify any entity or person other than unnamed/unidentified federal personnel in Washington, D.C. that directed their criminal

actions (Federal Defendants do not meaningfully deny their actions were criminal in nature and directed by Ray Limon in his duties as Deputy Chief Human Capital Officer for the Department of the Interior).

8. Defendants Davidson and Henry do not deny that discovery materials being withheld from this proceeding would identify the exact federal officials (and their locations) responsible for planning and authorization of the events of December 14, 2017 (*see *Exhibit 1* of initial complaint) and those responsible for continuing reprisal against Plaintiff. This court should not allow Defendants to use a defense predicated upon withholding of material evidence directly related to the facts of the complaint.

9. Defendants Davidson and Henry argue the instant complaint is barred by the statute of limitations. However, under Washington, D.C. Code § 22–1805a., their conspiracy to commit trespassing, breaking and entering, and deprivation of civil rights is a continuing conduct crime in both Washington, D.C. and Arkansas. This statute also provides further jurisdiction in this court due to substantial contacts with personnel in Washington D.C. by Defendants Davidson and Henry.

10. Also, the malicious prosecution commenced by the state of Arkansas to conceal Defendants' unlawful actions is ongoing at present, therefore no statute of limitations has expired as Davidson and Henry continue to conceal their crimes in order to deprive Plaintiff of his right to be free from unlawful search and seizure, and his right to due process under the law, *inter alia*.

11. The state of Arkansas is conspiring with federal Defendants and Defendant Crisman to conceal their unlawful actions to prevent Plaintiff from asserting a citizen's arrest defense in ongoing court proceedings in Arkansas.

12. Since filing of this lawsuit, Plaintiff was arrested and imprisoned from February 2023 to January 2024 for falsely alleged threatening of a judicial official. Defendants' own response in this case indicates verbiage used by Plaintiff directed at the judicial official did not contain a single threat of physical injury to the judge in that case (63CR-21-700) which was dismissed due to speedy trial violations. The case was later unlawfully sealed to conceal the fact the state of Arkansas falsified arrest warrants and then the judge arrested Plaintiff merely for having subpoenas issued by the court and served in accordance with court rules, and to quash testimony regarding the falsified arrest warrants.

13. Davidson and the unlawfully redacted documents (*see Exhibit 1 of initial complaint) sought in this matter were a target of the lawfully obtained and served subpoenas for which Plaintiff was arrested related to aforementioned state criminal case 63CR-21-700 (now sealed).

14. Plaintiff wishes to add the aforementioned claim of unlawful imprisonment in violation of the Fourth Amendment to the instant complaint by reference herein or by amending the complaint. Plaintiff points out that he clearly pleaded in his initial complaint the state of Arkansas was maliciously prosecuting him in conspiracy with federal Defendants and the ultimate result of that malicious prosecution was unlawful imprisonment.

15. Federal and state Defendants continue to conspire to conceal their crimes against Plaintiff by concealing evidence as described herein to enable their malicious prosecution in state courts in ongoing cases CR-23-506 and 60CR-20-4204 (Plaintiff corrects this case number from his complaint where he listed it as -2402).

16. In Pulaski County case 60CR-20-4204, the state court has refused to rule on a writ of error *coram nobis* filed by Plaintiff on January 22, 2024.

17. In CR-23-506, the court of appeals in Arkansas is refusing to allow Plaintiff to complete the admittedly corrupted and incomplete court record and raise matters of jurisdiction which the state cannot deny are valid and justiciable. All of these issues are directly connected to the unlawful conspiracy between state and federal Defendants described herein and in the original complaint.

18. Defendants Davidson and Henry argue they were not properly served in this matter, only claiming that they received the summonses and complaint via their work addresses, which they claim is not permitted for individual capacity lawsuits. However, this lawsuit sues both federal Defendants in their official and individual capacities, thus service has been achieved.

19. Defendants offer no evidence to support their claim that Plaintiff himself placed the summonses and complaint in the mail, when in fact they were placed in the mail by a non-party over the age of 18 years. Further federal Defendants' attorney has been served in this matter via electronic service to which he consented, and Defendants have responded to the complaint in a timely manner citing no harm to their defenses. Likewise, the U.S. Attorney has been served by the court's electronic filing system.

20. Plaintiff requests this court inform him of any failures in service that remain so that he may cure them, but Plaintiff avers he has demonstrated proper service and that all Defendants have responded to the lawsuit and cited no injury or harm related to service of process.

21. Federal Defendants claim they are protected by sovereign immunity; however, the Arkansas Civil Rights Act provides in relevant part: "Every person who, under color of

any statute, ordinance, regulation, custom, or usage of this state or any of its political subdivisions subjects, or causes to be subjected, any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Arkansas Constitution shall be liable to the party injured…".

22. Any case in an Arkansas court is subject to removal to federal court when a federal question arises, therefore sovereign immunity is waived at minimum for federal Defendants in their individual capacities. Further, Plaintiff has clearly sought relief related to damages caused by federal Defendants in their individual and professional capacities, to include injunctive relief which he has already prayed for within this proceeding.

23. Federal Defendants Davidson and Henry errantly cite *Boling v. Parole Commission* in claiming sovereign immunity protects they and their agencies from monetary damages with regard to violations of 18 U.S.C. 241/242 and 42 U.S.C. 1983. *Boling* did not preclude a *Bivens* action, nor did it preclude a right of action against government agencies or agents purposely committing criminal acts that violate statutory and constitutional rights.

24. Federal Defendants Davidson and Henry frivolously claim that Plaintiff's complaint is not similar to that in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, because they claim Davidson and Henry are not line level employees and Henry did not arrest Plaintiff on December 14, 2017. However, both Davidson and Henry are low-ranking agency employees, and both conspired to violate Plaintiff's Fourth Amendment rights against unreasonable search and seizure, just as in *Bivens*. The cases are nearly indistinguishable from one another regarding all facets.

25. Further, Plaintiff's claim under the Arkansas trespassing statute clearly does include a private right of action according to A.C.A. 5-39-203(f) which states: "A person aggrieved by a violation of this section is granted a private cause of action against the person who violated this section and is entitled to recover: (1) Actual damages caused by the violation; (2) Reasonable attorney's fees; and (3) Punitive damages". Federal Defendants' frivolous claims otherwise are tantamount to fraud upon the court.

26. And A.C.A. 5-1-109 states in relevant part: "(2)(A) Any offense that is concealed involving felonious conduct in office by a public servant at any time within five (5) years after he or she leaves public office or employment or within five (5) years after the offense is discovered or should reasonably have been discovered, whichever is sooner". Plaintiff has claimed felonious misconduct by federal Defendants in addition to trespassing, evidence of which is still being concealed by all Defendants. Thus, no statute of limitations has expired in this case.

27. Plaintiff's claims are not barred by *res judicata* or *collateral estoppel* as none of his articulated claims have been dismissed from any tribunal after a chance for litigation. The Arkansas Claims Commission dismissed his claims without discovery and without a hearing, and both state and federal courts have dismissed his claims without prejudice and for alleged lack of subject matter jurisdiction without discovery or hearing, not under 12(b)(6), as falsely averred by Defendants. In case 21-cv-3349 in this court, the judge clearly noted in a footnote that, "Because the court grants dismissal under Rule 12(b)(1), it need not consider Interior's arguments under Rule 12(b)(6)".

28. Federal Defendants falsely aver that Plaintiff raised a claim under 18 U.S.C. 241 in the aforementioned case in this court, which is false and not supported by the record in that case. Likewise, Plaintiff's claims were only asserted against the Department of the

Interior in that case, not individual employees and other entities as is the case here.

29. Federal Defendants falsely aver Officer Adrian Henry did not enter the curtilage of Plaintiff's home on December 14, 2017, and this is not true.

30. Officer Henry drove his vehicle to and exited it within 20 feet of Plaintiff's home after state Defendant Crisman disassembled a shut and locked privacy gate that is more than one-third of a mile from Plaintiff's house at the edge of his private property on 160 completely fenced acres in rural Stone County at the dead end of a five-mile-long gravel road. There is only one way in and one way out of Plaintiff's property and it is through the electronic privacy gate which is always shut and locked into place and clearly displays a 'no trespassing' sign.

31. The unlawful intrusion caused the Mighty Mule automatic gate arm on Plaintiff's privacy gate to crack and break, requiring expensive replacement and this is outrageous behavior. Plaintiff notes he had a radio electric meter at his residence, so the meter reader did not even enter his property. The privacy gate was in Plaintiff's driveway, not in an open field as falsely averred by Defendants and they offer no evidence in support of their false assertion.

32. Federal Defendants offered emails in their response that clearly demonstrate Plaintiff informed them trespassing was not allowed on his property to retrieve government property legally in Plaintiff's possession and containing attorney-client privileged information and medical information.

33. Federal Defendant Department of the Interior attempted to terminate Plaintiff from his duties in December 2017, but were unsuccessful because Plaintiff had done no wrong, thus they were forced into a settlement agreement in April 2018, which they admit in their response.

34. Defendant Davidson had ordered Plaintiff to return government equipment to the local Forest Service office by 10 a.m. on December 14, 2017, to Davidson himself, in violation of the recommendations of the agency's own medical professional who advised Davidson to only communicate to Plaintiff via email. Davidson had no reason to involve law enforcement in this matter and he only convinced them to participate as a result of whatever he stated in the unlawfully redacted documents sought in discovery in this matter.

35. Plaintiff notes that law enforcement unlawfully entered his property at approximately 8:30 a.m. on December 14, 2017, without a warrant or probable cause of any crime, and were expecting an "…incident…" according to the visible verbiage in the unlawfully redacted documents.

36. A local sheriff's deputy that accompanied Henry and Crisman reached for his service weapon to shoot Plaintiff's newly adopted puppy that came out of his doggy door, but Plaintiff was able to intervene to stop the incident at great risk to his own life. Later, the sheriff's chief deputy apologized for the incident and said it would never happen again, so Plaintiff has never litigated the sheriff.

37. At the time the officers confronted Plaintiff at his home, Plaintiff was seized upon and could not leave the situation. Plaintiff was also arrested and imprisoned by the state of Arkansas as described herein to conceal the crimes of the officers.

38. Davidson and Henry errantly claim they are protected by qualified immunity because their actions did not violate Plaintiff's statutory or constitutional rights. Clearly their actions did violate such rights as described herein and they are both concealing evidence of their criminal activity as described herein. Their criminal actions were not enveloped in their scopes of duty as Davidson had no legitimate reason to summon law

enforcement and law enforcement had no evidence of any crime or any legitimate reason to disassemble Plaintiff's privacy gate and enter his property illegally, thus they have no affirmative defense for their actions.

39. The only way for this court (or any court) to ascertain the identity of all those involved in the conspiracy described in Plaintiff's complaint and the extent of their actions is to demand revelation of the unlawfully redacted documents detailing the home invasion, and all documents related to the crime to include those documents housed at the Arkansas Department of Heritage described in the original complaint. These revelations are also necessary to determine proper jurisdiction in this matter and must be ascertained before any potential transfer of this case.

40. Again, Plaintiff avers that Department of the Interior employee Ray Limon oversaw and directed the entirety of the home invasion and subsequent reprisal against Plaintiff in his duties performed in Washington, D.C. Federal Defendants have not meaningfully denied this assertion.

41. Federal Defendants misconstrue Plaintiff's arguments regarding his False Claims Act claim. Plaintiff has averred his disclosures to the Office of Special Counsel led to recovery of damages from JBS Corporation and thus Plaintiff is entitled to a recovery.

42. Plaintiff was unable to litigate JBS himself because the government used his disclosures to take action against JBS and make recoveries before Plaintiff could file suit on behalf of the government. The government did so while concealing evidence of the bribe paid to former Arkansas Governor Asa Hutchinson by JBS in relation to the now defunct C&H Hog Farm in the Buffalo National River Watershed of Arkansas (a project Plaintiff opposed as a federal biologist and disclosed to the Office of Special Counsel as part of his disclosures of waste, fraud, and abuse).

43. Both state and federal Defendants have refused to acknowledge Hutchinson's criminality as described in Plaintiff's complaint and thus have not defended themselves against the charged violations of law. Defendant state of Arkansas continues to maliciously prosecute Plaintiff to conceal the crimes by Hutchinson which are documented in further detail in at least three boxes of information illegally stored in the Arkansas Department of Heritage archives as described in the original complaint.

44. The foregoing being true and correct, all federal Defendants engaged in criminal conspiracy violating state and federal laws by targeting Plaintiff at the direction of federal Defendants and thus are subject to this court's jurisdiction.

45. Federal Defendants were acting on the orders of government officials located in Washington, D.C. as described herein and the only way for this court to ascertain the identities and locations of all those federal actors is to demand production of Exhibit 1 of Plaintiff's original complaint and all associated materials in non-redacted form.

46. State and federal Defendants motion to transfer this case to the Eastern District of Arkansas, where Plaintiff faces a far greater level of reprisal due to the connection of the judges there with the state of Arkansas. However, none of the Defendants plausibly deny Plaintiff's assertion that each conspirator in this case was acting on orders from personnel in Washington, D.C.

47. Federal Defendants offer an unsubstantiated assertion that they had no contact with personnel in Washington, D.C. during these events while withholding material evidence of those involved in the criminal conspiracy described herein and in the original complaint. This court must allow Plaintiff to conduct discovery to further demonstrate that Department of the Interior employee Ray Limon was directing Defendant actions in this matter.

48. And, as to federal Defendants' claims that Plaintiff may seek relief under the Federal Torts Claims Act (FTCA), this is simply not supported by any legal or factual bases as intentional torts are not actionable under the FTCA. The FTCA is a legal remedy for unintentional torts or negligence, but not purposely criminal acts such as those now admitted to by Defendants and at bar in the instant proceeding.

49. If this court should deem jurisdiction appropriate in another tribunal, this complaint should be transferred and not dismissed. However, Plaintiff continues to aver this action is jurisdictional in this court and prefers the case to remain here due to the level of discrimination he faces within the state of Arkansas.

50. Plaintiff vehemently objects to transfer of this case to Arkansas which lies in the Eighth Circuit and does not recognize certain causes of actions against federal employees that are even minimally different than those described in *Bivens*. Plaintiff will be significantly harmed by such a transfer and continues to aver personnel who oversaw and directed the criminal conspiracy described herein and within the original complaint reside outside of the Eighth Circuit.

51. Plaintiff wishes to make clear he avers Arkansas' citizen's arrest law A.C.A. 16-81-106 paired with its trespassing law A.C.A. 5-39-203 allow a private right of action to place felonious actors under arrest for both state and federal felonies.

52. Plaintiff intends to amend this complaint in accordance with Fed. R. Civ. Pro. 15.

                    Respectfully submitted,

                    *Mitchell Wine*

                    Mitchell Wine
                    101 Newnata Cutoff
                    Mountain View, Arkansas 72560
                    501-350-7663
                    mitchwine@hotmail.com

## CERTIFICATE OF SERVICE

This filing was uploaded to the court's electronic filing system on May 29, 2024, and will be transmitted to appropriate attorneys of record.